OPINION of the Court, by
Judge Loo vjv.
King preferred his bill, injoining the judgment of Harper on th11 following case :
Harper became the security of one Ailnutt, in the sale of a piece of land, and as an indemnity obtained from him a mortgage on two negroes: and King having thereafter recovered judgment for a considerable sum against Ailnutt, not being otherwise able to secure the same, levied an execution on the two negroes in the possession of Harper, and caused them to be sold. Whereupon Harper commenced his action of trespass, and. recovered a verdict and judgment against King for 5§400; to in join which, this suit was brought, alleging that since the recovery of the judgment the complainant had proposed to secure Harper against his securityship to the amount of that judgment, hut which was refused by the defendant: and praying relief against the judgment upon indemnifying him as the security of Ailnutt, In such manner as the court might direct.
Upon the final hearing of the cause, the court dissolved the injunction and dismised the bill; from which decree the complainant has appealed to this court.
As the mortgagee of this property, Harper certainly had no other interest therein than to secure himself ás the security of Ailnutt. Whether he would become certainly*liable for any thing, and when and for how much, is not shown with probable certainty. That a bare possible contingency of the kind should keep him always in possession of the negroes, and a creditor always from the benefit of his debt, is clearly wrong, and in principle cannot be sanctioned; and may be held to those common tern s of equity to which one mortgagee may be subjected by another, or by the creditors of the mortgagor.
*571 As, however, the prior mortgage, or first lien, ought to be fully satisfied before a second claim should be permitted to wrest from it the property, the difficulty in the present instance is in affording that satisfaction. The kind of indemnity was of the appellee’s own seeking; and can he be compelled to surrender it, until relieved from his liability ?
We have already supposed that he ought to be compelled to surrender the property. But as he cannot he absolutely redeemed from his responsibility as security, the only diffiouiy is in the nature and extent of the terms upon which the negroes shall he subjected to the demand •f the appellant. In our researches upon this subject we have been able to find nothing entirely satisfactory. We can perceive, however, no other than the indemnity of sufficient counter security And as his liability is uncertain, both as to time and amount, and he had possession of the slaves, we cannot say that less than the annual hireage of such slaves until that event may happen, together with their probable value at such period, would be a just equivalent for this property. But an indemnity which would fully cover the amount thereof, and the expence, trouble, &c. of Recovering the same from his securities, if the appellee should ever have as much to pay as security in said case, would be, as; complete an indemnity as the case seems to demand, or the court could equitably require.
In our reflections, however, on this case, we have become satisfied that all necessary parties were not before the court. In order toa final determination of the controversy with regard to the negroes, Allnutt, the mortgagor, ought to have been made a party. It is proper that the interest of all arising under those transactions to the negroes in question, should he brought before the court, and a final determination made, to prevent multiplicity of action. The court, therefore, ought to have dismissed the bill without prejudice to the complainant to prosecute another suit, or have permitted him to amend his bill, if he had applied for leave to do so.
It is, therefore, decreed and ordered, that the decree of the circuit court be reversed, and the cause remanded to that court, that a decree may be entered dismissing the bill, without prejudice to prosecute another suit. And it is further decreed that each party pay his own eqsts in this court.